**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

SIGNAL, LLP,

      Plaintiff,

v.

AMBARELLA, INC.,

      Defendant.

CIVIL ACTION NO. 3:26-cv-00152

JURY TRIAL DEMANDED

**COMPLAINT FOR PATENT INFRINGEMENT**

1.      Plaintiff Signal, LLP ("Signal" or "Plaintiff") files this Complaint against Defendant Ambarella, Inc. ("Ambarella" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

2.      This is a civil action seeking damages and other relief arising out of Defendant's infringement of Plaintiff's United States Patent Nos. 10,944,400 ("'400 Patent"); 8,947,962 ("'962 Patent"); 9,092,352 ("'352 Patent"); 10,056,902 ("'902 Patent"); and 10,115,439 ("'439 Patent") (collectively, the "Asserted Patents").

**BACKGROUND**

3.      Plaintiff Signal owns all right, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement of the Asserted Patents.

4.      On September 29, 2025, the Asserted Patents were assigned to Signal by Rambus Inc. ("Rambus"), a leading American semiconductor company.[1]

---

[1] *See*, https://assignmentcenter.uspto.gov/ipas/search/api/v2/public/download/patent/73085/650

5. On or about November 15, 2022, Rambus presented Defendant Ambarella with a notice of patent infringement titled "Rambus Patents Infringed by Ambarella" (the "2022 Notice"). The 2022 Notice specifically identified: (1) a list of "Rambus DRAM & Flash Memory Controller Patent Families," (2) the corresponding infringing "Ambarella Products," and (3) the Memory Controller "IF" (Interface) types used (*e.g.*, "DDR4") by those Ambarella Products.

6. The 2022 Notice identified each of the patents asserted in this Complaint by number.

7. The 2022 Notice additionally included claim charts detailing Ambarella's infringement of at least the asserted '902 Patent and '439 Patent.

8. The 2022 Notice charged Defendant Ambarella with infringement on an Asserted Patent-by-Asserted Patent, product-by-product, and memory interface-by-memory interface basis, leaving no ambiguity. The 2022 Notice identified specific products, by model number and Ambarella product vertical, including the Accused Products (defined below) then-available.

9. The 2022 Notice identified Rambus patents and patent families, and infringing "Ambarella Products" categorized by "Memory Controller" interface type (*e.g.*, "DDR4"), thus providing Ambarella with notice that Accused Products released after the 2022 Notice would also infringe the identified patent families.

10. Since at least the 2022 Notice, Defendant's infringement has been egregious. Ambarella had actual knowledge of the Asserted Patents. Despite that knowledge, Ambarella deliberately chose to continue practicing the patented technology without authorization. Ambarella's conduct constitutes willful infringement under 35 U.S.C. § 284.

11. As explained herein, Defendant Ambarella's infringement of the Asserted Patents has, since no later than the 2022 Notice, been knowing, willful, and in conscious disregard of the patent rights in the Asserted Patents.

## THE PARTIES

12. Plaintiff Signal is a limited liability partnership organized and existing under the laws of the State of Nevada with a registered address at 1468 James Rd., Gardnerville, NV 89460.

13. On information and belief, Defendant Ambarella, Inc. is a corporation organized and existing under the laws of the State of Delaware. It has registered with the Ohio Secretary of State to do business in the State of Ohio, and has appointed C T CORPORATION SYSTEM, 4400 Easton Commons Way, Ste. 125, Columbus, OH 43219 as its registered agent in the State of Ohio. It has its corporate headquarters at 3001 Tasman Drive, Santa Clara, CA 95054 ("Corporate Headquarters"). On information and belief, Defendant operates a research and development facility in this District, located at 829 Space Dr., Beavercreek, OH 45434 (the "Dayton Office").[2]



---

[2] *See, e.g.*, https://www.ambarella.com/contact-us/

14. Defendant Ambarella is engaged in making, using, selling, offering for sale, and/or importing products, such as semiconductors, integrated circuits, MCUs, MPUs, and SoCs, to and throughout the United States, including in this District. Defendant Ambarella also induces its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, and customers in the making, using, selling, offering for sale, and/or importing such products to and throughout the United States, including this District. To this end, Defendant Ambarella and, to the extent relevant, its foreign and U.S.-based corporate affiliates—which act together as part of Defendant Ambarella's global network of sales and manufacturing emissaries—have operated as agents of and for one another and have otherwise acted vicariously for Defendant Ambarella as elements of the same business group and/or enterprise. Indeed, they work in concert and in an orchestrated fashion, subject to agreements that are far nearer than arm's length, in order to implement a distribution channel of infringing products within this District and the United States.

15. Defendant Ambarella maintains a substantial corporate presence in the United States via at least its U.S. Corporate Headquarters and its Dayton Office in this District.[3]

16. Defendant Ambarella conducts business in the United States and this District, including importing, distributing, and selling semiconductors, integrated circuits, MCUs, MPUs, and SoCs that incorporate devices, systems, and processes that infringe the Asserted Patents.

17. Through importation, offers to sell, sales, distributions, and related agreements to transfer ownership of Defendant Ambarella's products (*e.g.*, semiconductors, integrated circuits, MCUs, MPUs, and SoCs) with distributors and customers operating in and maintaining significant business presences in the United States, Ambarella conducts extensive business in the United States, this State, and this District.

---

[3] *See, e.g.*, https://www.ambarella.com/contact-us/

## JURISDICTION AND VENUE

18.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, including §§ 271, 281, 284, and 285. This Court has jurisdiction over this action pursuant to at least 28 U.S.C. § 1331 (Federal Question).

19.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b). Defendant has committed acts of infringement in this District and/or has induced others to commit acts of patent infringement in this District. Defendant has a regular and established place of business within this District: its Dayton Office, located at 829 Space Dr., Beavercreek, OH 45434.

20.     This Court has general and specific personal jurisdiction over the Defendant pursuant to due process and/or the laws of the State of Ohio, because, inter alia, (i) the Defendant has done and continues to do business in Ohio and in this District, and/or (ii) the Defendant has, directly and through intermediaries, affiliates, distributors, agents, and/or others, committed and continues to commit acts of patent infringement in the State of Ohio and in this District, including making, using, offering to sell, and/or selling Accused Products in Ohio, and/or importing Accused Products into Ohio, including by Internet sales (including acts of infringement via its highly interactive website) and/or sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Ohio (including inducement via its highly interactive website), and/or committing at least a portion of any other infringements alleged herein. Defendant has placed, and is continuing to place, infringing products into the stream of commerce, via established distribution channels, with the knowledge and/or understanding that such products are sold in Ohio, including in this District. Defendant has derived substantial revenues from its infringing acts occurring within Ohio and within this

- 5 -

District. Defendant has substantial business in this State and District, including: (A) conducting at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from infringing goods offered for sale, sold, and/or imported, and services provided to Ohio residents vicariously through and/or in concert with its respective alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers.

21.    This Court has personal jurisdiction over Defendant Ambarella, directly or through intermediaries, distributors, importers, customers, subsidiaries, and/or consumers including its U.S.-based sales subsidiaries, as applicable. Through direction and control (including, as relevant, in the past) of such subsidiaries, affiliates, distributors, retail partners, agents, and/or customers, Defendant has committed acts of direct and/or indirect patent infringement within Ohio, and elsewhere within the United States, giving rise to this action and/or has established minimum contacts with Ohio such that personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Upon information and belief, Defendant compensates its U.S.-based subsidiaries and/or agents for its sales support services in the United States. As such, Defendant has a direct financial interest in its U.S.-based subsidiaries and/or agents, and vice versa.

22.    On information and belief, Defendant Ambarella (directly and/or through its subsidiaries, affiliates, or intermediaries) owns, operates, or controls facilities that include offices and research and development facilities in the greater Dayton, Ohio region (including its Dayton Office) where infringing products are designed, developed, manufactured, tested, used,

marketed, imported, exported, offered for sale, and/or sold into a stream of commerce that includes this District.[4]

23.     In addition, Defendant Ambarella has knowingly induced, and continues to knowingly induce, infringement within this District by advertising, marketing, offering for sale and/or selling Accused Products (such as semiconductors, integrated circuits, MCUs, MPUs, and SoCs) that incorporate the fundamental technologies covered by the Asserted Patents. Such advertising, marketing, offering for sale and/or selling of Accused Products is directed to manufacturers, integrators, suppliers, distributors, resellers, partners, consumers, customers, and/or end users, and this includes providing instructions, user manuals, advertising, and/or marketing materials facilitating, directing and encouraging use of infringing functionality with Defendant Ambarella's knowledge thereof.

24.     Defendant Ambarella has, thus, in the multitude of ways described above, availed itself of the benefits and privileges of conducting business in this State and willingly subjected itself to the exercise of this Court's personal jurisdiction. Indeed, Defendant Ambarella has sufficient minimum contacts with this forum through its transaction of substantial business in this State and this District and its commission of acts of patent infringement as alleged in this Complaint that are purposefully directed towards this State and District.

**THE ASSERTED PATENTS**

25.     Plaintiff Signal owns the entire right, title, and interest in and to each of the Asserted Patents, including the right to recover damages for past, present, and future infringement of the Asserted Patents.

---

[4] *See, e.g.*, https://investor.ambarella.com/node/17011/html

26.     Each of the Asserted Patents was duly and legally issued by the United States Patent and Trademark Office after full and fair examination. The Asserted Patents are valid and enforceable.

27.     The '400 Patent is titled "On-die termination control" and was lawfully issued on March 9, 2021, as U.S. Patent No. 10,944,400, stemming from U.S. Patent Application 16/853,658, which was filed on April 20, 2020. A true and correct copy of the '400 Patent is available at https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10944400.

28.     The '962 Patent is titled "On-die termination of address and command signals" and was lawfully issued on February 3, 2015, as U.S. Patent No. 8,947,962, stemming from U.S. Patent Application 14/088,277, which was filed on November 22, 2013. A true and correct copy of the '962 Patent is available at https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8947962.

29.     The '352 Patent is titled "Memory controller with write data error detection and remediation" and was lawfully issued on July 28, 2015, as U.S. Patent No. 9,092,352, stemming from U.S. Patent Application 14/175,955, which was filed on February 7, 2014. A true and correct copy of the '352 Patent is available at https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9092352.

30.     The '902 Patent is titled "On-die termination control" and was lawfully issued on August 21, 2018, as U.S. Patent No. 10,056,902, stemming from U.S. Patent Application 15/581,480, which was filed on April 28, 2017. A true and correct copy of the '902 Patent is available at https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10056902.

31.     The '439 Patent is titled "On-die termination of address and command signals" and was lawfully issued on October 30, 2018, as U.S. Patent No. 10,115,439, stemming from

U.S. Patent Application 15/665,304, which was filed on July 31, 2017. A true and correct copy of the '439 Patent is available at https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10115439.

32.     To the extent necessary, Plaintiff Signal complied with the requirements of 35 U.S.C. § 287, such that it may recover pre-suit damages. On information and belief, Signal's predecessor-in-interest, Rambus, also complied with the requirements of 35 U.S.C. § 287, such that Signal may recover pre-suit damages. On information and belief, Defendant Ambarella was notified of its infringement of the Asserted Patents in writing no later than on or about November 15, 2022. Defendant Ambarella continues to infringe to the present day.

## THE ACCUSED PRODUCTS

33.     Defendant manufactures, uses, sells, offers for sale, and/or imports various products that incorporate memory controller integrated circuits supporting one or more double data rate ("DDR") memory standards (the "Accused Products"). For clarity and efficiency, the Accused Products are listed in sub-categories based on the particular DDR memory module type(s) (*e.g.*, "LPDDR4") supported by each Accused Product, as defined by each Accused Product's listed specifications, and as further described below.

34.     The Accused Products for each Asserted Patent (*e.g.*, the "'902 Accused Products") include all or a subset of the Accused Products, as defined in each Asserted Patent's respective Exhibit(s).

35.     The textual description used to identify each Ambarella Accused Product (*e.g.*, "CV22FS") refers to a product family, and includes (1) all past, present, and future versions thereof, regardless of the product name used, and (2) all variations and sub-categories thereof,

including any Ambarella products which incorporate the Accused Products, such as development kits.

36.     The Accused Products include, but are not limited to, the following Ambarella products[5]:

| Ambarella Accused Products | | | | | |
|---|---|---|---|---|---|
| **DDR3 Accused Products** | | | | | |
| A12 | A12A | A12AQ | A12AS | A12S | A12W |
| A9AQ | H12 | H12AQ | H2 | H22 | H22A |
| H22AQ | S2L | S3L | S5L | | |
| **DDR3L Accused Products** | | | | | |
| A12 | A12A | A12AQ | A12AS | A12S | A12W |
| A9AQ | H22 | H22A | H22AQ | S2L | S3L |
| S5L | | | | | |
| **DDR4 Accused Products** | | | | | |
| CV25A | CV25S | CV28A | CV28AQ | CV28M | H32 |
| H32AQ | S6L | S6LM | | | |
| **LPDDR4 Accused Products** | | | | | |
| CV2 | CV20AQ | CV22 | CV22A | CV22AQ | CV22FS |
| CV22S | CV25 | CV25A | CV25AQ | CV25M | CV25S |
| CV28 | CV28A | CV28AQ | CV28M | CV2A | CV2AQ |
| CV2FS | CV2S | H22 | H22A | H22AQ | H32 |
| H32AQ | S6L | S6LM | | | |
| **LPDDR4X Accused Products** | | | | | |
| CV2 | CV20AQ | CV22 | CV22A | CV22AQ | CV22FS |
| CV22S | CV25 | CV25A | CV25AQ | CV25M | CV25S |
| CV28 | CV28A | CV28AQ | CV28M | CV2A | CV2AQ |
| CV2FS | CV2S | CV5 | CV52 | CV52A | CV52S |
| CV5A | CV5S | CV7 | CV72 | CV72 Cooper Mini Dev Kit | CV72AQ |
| CV72AX | CV72S | CV75 | CV75A | CV75AQ | CV75S |
| H32 | H32AQ | S6L | S6LM | | |
| **LPDDR5/5X Accused Products** | | | | | |
| CV3 | CV3-AD605 | CV3-AD615 | CV3-AD635 | CV3-AD655 | CV3-AD675 |
| CV52S | CV3-R66 | CV3-R88 | CV5 | CV52 | CV52A |
| CV72AQ | CV5A | CV5S | CV7 | CV72 | CV75S |
| CV72AX | CV72S | CV75 | CV75A | CV75AQ | N1 |
| CV3-AD685 | N1 Cooper Max Dev Kit | N1-655 | N1-655 Cooper Pro Dev Kit | CV72 Cooper Mini Dev Kit | |

---

[5] An Accused Product may appear in more than one sub-category based on its compatibility with multiple DDR memory standards, as stated in each product's specifications.

37. The Accused Products identified above are exemplary. Discovery is expected to reveal additional products and product variants, including now-discontinued products, that incorporate the same or materially similar infringing memory controller functionality. Plaintiff reserves the right to identify additional accused products as discovery proceeds.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,944,400**

38. Plaintiff Signal realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

39. Signal owns all rights, title, and interest in the '400 Patent including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

40. Defendant Ambarella has directly infringed, and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '400 Patent in this District and elsewhere in Ohio and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import. On information and belief, and as further set forth in **Exhibit 1** to this Complaint, which is incorporated here by reference, Defendant makes, uses, offers for sale, sells, and/or imports certain products (the "'400 Accused Products") that directly infringe each and every limitation of at least Claim 1 of the '400 Patent.

*Direct Infringement (35 U.S.C. § 271(a))*

41. Defendant Ambarella has directly infringed and continues to directly infringe, either by itself or via its agent(s) or affiliate(s), at least as illustrated in **Exhibit 1** to this Complaint under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing the '400 Accused Products. Furthermore, insofar as Defendant Ambarella makes and sells the '400 Accused Products outside of the United States and either delivers those products to its customers,

distributors, and/or subsidiaries in the United States, or, in the case that it delivers the '400 Accused Products outside of the United States, it does so intending and/or knowing that those products are destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '400 Patent.

*Indirect Infringement (35 U.S.C. § 271(b))*

42.	In addition and/or in the alternative to its direct infringement, Defendant Ambarella has indirectly infringed and continues to indirectly infringe one or more claims of the '400 Patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the '400 Accused Products.

43.	Since at least the November 15, 2022 Notice, Defendant Ambarella has had direct knowledge of the '400 Patent. Since receiving notice of its infringement, Defendant Ambarella has actively induced the direct infringement of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under 35 U.S.C. § 271(b). Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '400 Patent. Indeed, Defendant Ambarella has intended to cause, continues to intend to cause, and has taken, and continues to take affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the '400 Accused Products[6]; creating and/or maintaining established distribution channels for the '400 Accused

---

[6] *See, e.g.*, https://www.ambarella.com/products/automotive/

Products into and within the United States[7]; manufacturing the '400 Accused Products in conformity with U.S. laws and regulations; distributing or making available videos, training, tools and resources supporting use of the '400 Accused Products that promote its features, specifications, and applications[8]; providing technical documentation and tools for the '400 Accused Products, including white papers, brochures, and manuals; promoting the incorporation of the '400 Accused Products into end-user products through the development of Defendant Ambarella's partner programs[9]; and by providing technical support and/or related services for these products to purchasers in the United States through Defendant Ambarella's online support platforms.[10]

44. The '400 Accused Products satisfy all claim limitations of at least Claim 1 of the '400 Patent. A claim chart comparing independent Claim 1 of the '400 Patent to Defendant's infringing activity is attached as **Exhibit 1**.

45. By making, using, offering for sale, selling and/or importing into the United States the '400 Accused Products, Defendant Ambarella has injured Signal and is liable for infringement of at least Claim 1 of the '400 Patent pursuant to 35 U.S.C. § 271.

*Damages*

46. On information and belief, despite having knowledge of the '400 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '400 Patent, Defendant Ambarella has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Defendant Ambarella's infringing activities with

---

[7] *See, e.g.*, https://www.macnica.com/americas/mai/en/products/semiconductors/ambarella/
[8] *See, e.g.*, https://www.ambarella.com/developer/learning/
[9] *See, e.g.*, https://www.ambarella.com/developer/#resources
[10] *See, e.g.*, https://www.ambarella.com/developer/#support

respect to the '400 Patent have been, and continue to be, knowing, willful, deliberate, in conscious disregard of the patent rights of the Asserted Patents, and an egregious case of misconduct beyond typical infringement such that Signal is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed together with interest, costs, and attorneys' fees, to the extent permitted by law.

47.     As a result of Defendant's infringing conduct described in this Count, Signal is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with pre- and post-judgment interest and costs as fixed by the Court.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,947,962

48.     Plaintiff Signal realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

49.     Signal owns all rights, title, and interest in the '962 Patent including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

50.     Defendant Ambarella has directly infringed, and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '962 Patent in this District and elsewhere in Ohio and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import. On information and belief, and as further set forth in **Exhibit 2** to this Complaint, which is incorporated here by reference, Defendant makes, uses, offers for sale, sells, and/or imports certain products (the "'962 Accused Products") that directly infringe each and every limitation of at least Claim 1 of the '962 Patent.

*Direct Infringement (35 U.S.C. § 271(a))*

51.     Defendant Ambarella has directly infringed and continues to directly infringe, either by itself or via its agent(s) or affiliate(s), at least as illustrated in **Exhibit 2** to this Complaint under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing the '962 Accused Products. Furthermore, insofar as Defendant Ambarella makes and sells the '962 Accused Products outside of the United States and either delivers those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that it delivers the '962 Accused Products outside of the United States, it does so intending and/or knowing that those products are destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '962 Patent.

*Indirect Infringement (35 U.S.C. § 271(b))*

52.     In addition and/or in the alternative to its direct infringement, Defendant Ambarella has indirectly infringed and continues to indirectly infringe one or more claims of the '962 Patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the '962 Accused Products.

53.     Since at least the November 15, 2022 Notice, Defendant Ambarella has had direct knowledge of the '962 Patent. Since receiving notice of its infringement, Defendant Ambarella has actively induced the direct infringement of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under 35 U.S.C. § 271(b). Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '962 Patent. Indeed, Defendant

- 15 -

Ambarella has intended to cause, continues to intend to cause, and has taken, and continues to take affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the '962 Accused Products[11]; creating and/or maintaining established distribution channels for the '962 Accused Products into and within the United States[12]; manufacturing the '962 Accused Products in conformity with U.S. laws and regulations; distributing or making available videos, training, tools and resources supporting use of the '962 Accused Products that promote its features, specifications, and applications[13]; providing technical documentation and tools for the '962 Accused Products, including white papers, brochures, and manuals; promoting the incorporation of the '962 Accused Products into end-user products through the development of Defendant Ambarella's partner programs[14]; and by providing technical support and/or related services for these products to purchasers in the United States through Defendant Ambarella's online support platforms.[15]

54. The '962 Accused Products satisfy all claim limitations of at least Claim 1 of the '962 Patent. A claim chart comparing independent Claim 1 of the '962 Patent to Defendant's infringing activity is attached as **Exhibit 2**.

55. By making, using, offering for sale, selling and/or importing into the United States the '962 Accused Products, Defendant Ambarella has injured Signal and is liable for infringement of at least Claim 1 of the '962 Patent pursuant to 35 U.S.C. § 271.

---

[11] *See, e.g.*, https://www.ambarella.com/products/automotive/
[12] *See, e.g.*, https://www.macnica.com/americas/mai/en/products/semiconductors/ambarella/
[13] *See, e.g.*, https://www.ambarella.com/developer/learning/
[14] *See, e.g.*, https://www.ambarella.com/developer/#resources
[15] *See, e.g.*, https://www.ambarella.com/developer/#support

*Damages*

56.     On information and belief, despite having knowledge of the '962 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '962 Patent, Defendant Ambarella has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Defendant Ambarella's infringing activities with respect to the '962 Patent have been, and continue to be, knowing, willful, deliberate, in conscious disregard of the patent rights of the Asserted Patents, and an egregious case of misconduct beyond typical infringement such that Signal is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed together with interest, costs, and attorneys' fees, to the extent permitted by law.

57.     As a result of Defendant's infringing conduct described in this Count, Signal is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with pre- and post-judgment interest and costs as fixed by the Court.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 9,092,352

58.     Plaintiff Signal realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

59.     Signal owns all rights, title, and interest in the '352 Patent including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

60.     Defendant Ambarella has directly infringed, and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '352 Patent in this District and elsewhere in Ohio and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import.

- 17 -

On information and belief, and as further set forth in **Exhibit 3** to this Complaint, which is incorporated here by reference, Defendant makes, uses, offers for sale, sells, and/or imports certain products (the "'352 Accused Products") that directly infringe each and every limitation of at least Claim 1 of the '352 Patent.

*Direct Infringement (35 U.S.C. § 271(a))*

61.     Defendant Ambarella has directly infringed and continues to directly infringe, either by itself or via its agent(s) or affiliate(s), at least as illustrated in **Exhibit 3** to this Complaint under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing the '352 Accused Products. Furthermore, insofar as Defendant Ambarella makes and sells the '352 Accused Products outside of the United States and either delivers those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that it delivers the '352 Accused Products outside of the United States, it does so intending and/or knowing that those products are destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '352 Patent.

*Indirect Infringement (35 U.S.C. § 271(b))*

62.     In addition and/or in the alternative to its direct infringement, Defendant Ambarella has indirectly infringed and continues to indirectly infringe one or more claims of the '352 Patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the '352 Accused Products.

63.     Since at least the November 15, 2022 Notice, Defendant Ambarella has had direct knowledge of the '352 Patent. Since receiving notice of its infringement, Defendant Ambarella

has actively induced the direct infringement of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under 35 U.S.C. § 271(b). Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '352 Patent. Indeed, Defendant Ambarella has intended to cause, continues to intend to cause, and has taken, and continues to take affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the '352 Accused Products[16]; creating and/or maintaining established distribution channels for the '352 Accused Products into and within the United States[17]; manufacturing the '352 Accused Products in conformity with U.S. laws and regulations; distributing or making available videos, training, tools and resources supporting use of the '352 Accused Products that promote its features, specifications, and applications[18]; providing technical documentation and tools for the '352 Accused Products, including white papers, brochures, and manuals; promoting the incorporation of the '352 Accused Products into end-user products through the development of Defendant Ambarella's partner programs[19]; and by providing technical support and/or related services for these products to purchasers in the United States through Defendant Ambarella's online support platforms.[20]

64.     The '352 Accused Products satisfy all claim limitations of at least Claim 1 of the '352 Patent. A claim chart comparing independent Claim 1 of the '352 Patent to Defendant's infringing activity is attached as **Exhibit 3**.

---

[16] *See, e.g.*, https://www.ambarella.com/products/automotive/
[17] *See, e.g.*, https://www.macnica.com/americas/mai/en/products/semiconductors/ambarella/
[18] *See, e.g.*, https://www.ambarella.com/developer/learning/
[19] *See, e.g.*, https://www.ambarella.com/developer/#resources
[20] *See, e.g.*, https://www.ambarella.com/developer/#support

65.     By making, using, offering for sale, selling and/or importing into the United States the '352 Accused Products, Defendant Ambarella has injured Signal and is liable for infringement of at least Claim 1 of the '352 Patent pursuant to 35 U.S.C. § 271.

*Damages*

66.     On information and belief, despite having knowledge of the '352 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '352 Patent, Defendant Ambarella has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Defendant Ambarella's infringing activities with respect to the '352 Patent have been, and continue to be, knowing, willful, deliberate, in conscious disregard of the patent rights of the Asserted Patents, and an egregious case of misconduct beyond typical infringement such that Signal is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed together with interest, costs, and attorneys' fees, to the extent permitted by law.

67.     As a result of Defendant's infringing conduct described in this Count, Signal is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with pre- and post-judgment interest and costs as fixed by the Court.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,056,902

68.     Plaintiff Signal realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

69.     Signal owns all rights, title, and interest in the '902 Patent including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

70.     Defendant Ambarella has directly infringed, and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '902 Patent in this District and elsewhere in Ohio and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import. On information and belief, and as further set forth in **Exhibit 4** to this Complaint, which is incorporated here by reference, Defendant makes, uses, offers for sale, sells, and/or imports certain products (the "'902 Accused Products") that directly infringe each and every limitation of at least Claim 1 of the '902 Patent.

*Direct Infringement (35 U.S.C. § 271(a))*

71.     Defendant Ambarella has directly infringed and continues to directly infringe, either by itself or via its agent(s) or affiliate(s), at least as illustrated in **Exhibit 4** to this Complaint under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing the '902 Accused Products. Furthermore, insofar as Defendant Ambarella makes and sells the '902 Accused Products outside of the United States and either delivers those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that it delivers the '902 Accused Products outside of the United States, it does so intending and/or knowing that those products are destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '902 Patent.

*Indirect Infringement (35 U.S.C. § 271(b))*

72.     In addition and/or in the alternative to its direct infringement, Defendant Ambarella has indirectly infringed and continues to indirectly infringe one or more claims of the '902 Patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to

directly infringe by making, using, offering to sell, selling and/or importing into the United States the '902 Accused Products.

73.     Since at least the November 15, 2022 Notice, Defendant Ambarella has had direct knowledge of the '902 Patent. Since receiving notice of its infringement, Defendant Ambarella has actively induced the direct infringement of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under 35 U.S.C. § 271(b). Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '902 Patent. Indeed, Defendant Ambarella has intended to cause, continues to intend to cause, and has taken, and continues to take affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the '902 Accused Products[21]; creating and/or maintaining established distribution channels for the '902 Accused Products into and within the United States[22]; manufacturing the '902 Accused Products in conformity with U.S. laws and regulations; distributing or making available videos, training, tools and resources supporting use of the '902 Accused Products that promote its features, specifications, and applications[23]; providing technical documentation and tools for the '902 Accused Products, including white papers, brochures, and manuals; promoting the incorporation of the '902 Accused Products into end-user products through the development of Defendant Ambarella's partner programs[24]; and by providing technical support and/or related services for

---

[21] *See, e.g.*, https://www.ambarella.com/products/automotive/
[22] *See, e.g.*, https://www.macnica.com/americas/mai/en/products/semiconductors/ambarella/
[23] *See, e.g.*, https://www.ambarella.com/developer/learning/
[24] *See, e.g.*, https://www.ambarella.com/developer/#resources

these products to purchasers in the United States through Defendant Ambarella's online support platforms.[25]

74.     The '902 Accused Products satisfy all claim limitations of at least Claim 1 of the '902 Patent. A claim chart comparing independent Claim 1 of the '902 Patent to Defendant's infringing activity is attached as **Exhibit 4**.

75.     By making, using, offering for sale, selling and/or importing into the United States the '902 Accused Products, Defendant Ambarella has injured Signal and is liable for infringement of at least Claim 1 of the '902 Patent pursuant to 35 U.S.C. § 271.

*Damages*

76.     On information and belief, despite having knowledge of the '902 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '902 Patent, Defendant Ambarella has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Defendant Ambarella's infringing activities with respect to the '902 Patent have been, and continue to be, knowing, willful, deliberate, in conscious disregard of the patent rights of the Asserted Patents, and an egregious case of misconduct beyond typical infringement such that Signal is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed together with interest, costs, and attorneys' fees, to the extent permitted by law.

77.     As a result of Defendant's infringing conduct described in this Count, Signal is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with pre- and post-judgment interest and costs as fixed by the Court.

---

[25] *See, e.g.*, https://www.ambarella.com/developer/#support

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 10,115,439**

78.     Plaintiff Signal realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

79.     Signal owns all rights, title, and interest in the '439 Patent including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

80.     Defendant Ambarella has directly infringed, and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '439 Patent in this District and elsewhere in Ohio and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import. On information and belief, and as further set forth in **Exhibit 5** to this Complaint, which is incorporated here by reference, Defendant makes, uses, offers for sale, sells, and/or imports certain products (the "'439 Accused Products") that directly infringe each and every limitation of at least Claim 1 of the '439 Patent.

*Direct Infringement (35 U.S.C. § 271(a))*

81.     Defendant Ambarella has directly infringed and continues to directly infringe, either by itself or via its agent(s) or affiliate(s), at least as illustrated in **Exhibit 5** to this Complaint under 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing the '439 Accused Products. Furthermore, insofar as Defendant Ambarella makes and sells the '439 Accused Products outside of the United States and either delivers those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that it delivers the '439 Accused Products outside of the United States, it does so intending and/or knowing that those products are destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '439 Patent.

*Indirect Infringement (35 U.S.C. § 271(b))*

82.     In addition and/or in the alternative to its direct infringement, Defendant Ambarella has indirectly infringed and continues to indirectly infringe one or more claims of the '439 Patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the '439 Accused Products.

83.     Since at least the November 15, 2022 Notice, Defendant Ambarella has had direct knowledge of the '439 Patent. Since receiving notice of its infringement, Defendant Ambarella has actively induced the direct infringement of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under 35 U.S.C. § 271(b). Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '439 Patent. Indeed, Defendant Ambarella has intended to cause, continues to intend to cause, and has taken, and continues to take affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the '439 Accused Products[26]; creating and/or maintaining established distribution channels for the '439 Accused Products into and within the United States[27]; manufacturing the '439 Accused Products in conformity with U.S. laws and regulations; distributing or making available videos, training, tools and resources supporting use of the '439 Accused Products that promote its features, specifications, and applications[28]; providing technical documentation and tools for the '439

---

[26] *See, e.g.*, https://www.ambarella.com/products/automotive/
[27] *See, e.g.*, https://www.macnica.com/americas/mai/en/products/semiconductors/ambarella/
[28] *See, e.g.*, https://www.ambarella.com/developer/learning/

Accused Products, including white papers, brochures, and manuals; promoting the incorporation of the '439 Accused Products into end-user products through the development of Defendant Ambarella's partner programs[29]; and by providing technical support and/or related services for these products to purchasers in the United States through Defendant Ambarella's online support platforms.[30]

84. The '439 Accused Products satisfy all claim limitations of at least Claim 1 of the '439 Patent. A claim chart comparing independent Claim 1 of the '439 Patent to Defendant's infringing activity is attached as **Exhibit 5**.

85. By making, using, offering for sale, selling and/or importing into the United States the '439 Accused Products, Defendant Ambarella has injured Signal and is liable for infringement of at least Claim 1 of the '439 Patent pursuant to 35 U.S.C. § 271.

*Damages*

86. On information and belief, despite having knowledge of the '439 Patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '439 Patent, Defendant Ambarella has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Defendant Ambarella's infringing activities with respect to the '439 Patent have been, and continue to be, knowing, willful, deliberate, in conscious disregard of the patent rights of the Asserted Patents, and an egregious case of misconduct beyond typical infringement such that Signal is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed together with interest, costs, and attorneys' fees, to the extent permitted by law.

---

[29] *See, e.g.*, https://www.ambarella.com/developer/#resources
[30] *See, e.g.*, https://www.ambarella.com/developer/#support

87.     As a result of Defendant's infringing conduct described in this Count, Signal is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with pre- and post-judgment interest and costs as fixed by the Court.

## DEMAND FOR JURY TRIAL

88.     Plaintiff Signal hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

89.     Plaintiff Signal respectfully requests that the Court find in its favor and against Defendant Ambarella, and that the Court grant Plaintiff the following relief:

a)  A judgment that Defendant has infringed and is infringing one or more claims of the Asserted Patents, literally and/or under the doctrine of equivalents;

b)  A judgment that one or more claims of the Asserted Patents have been willfully infringed, literally and/or under the doctrine of equivalents, by Defendant;

c)  A judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

d)  A judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post-judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

e)  A judgment that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f)  A judgment that this case is exceptional under the provisions of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees;

g)  A judgment awarding Plaintiff damages adequate to compensate for Defendant's infringement of the Asserted Patents pursuant to 35 U.S.C. § 284, including but not limited to lost profits and/or a reasonable royalty;

h)  A judgment awarding Plaintiff enhanced damages pursuant to 35 U.S.C. § 284 based on Defendant's willful infringement;

i)  Such other and further relief as the Court deems just and equitable.

Dated: May 22, 2026

Respectfully submitted,


/s/ F. Michael Speed, Jr.
F. Michael Speed, Jr. (0067541)
STANDLEY LAW GROUP LLP
6300 Riverside Dr.
Dublin, OH 43017
Tel: (614) 792-5555
mspeed@standleyllp.com

Patrick J. Conroy (*pro hac vice* forthcoming)
Texas Bar No. 24012448
Jonathan H. Rastegar (*pro hac vice* forthcoming)
Texas Bar No. 24064043
NELSON BUMGARDNER CONROY PC
2727 N. Harwood St., Suite 250
Dallas, Texas 75201
Tel: (214) 446-4950
pat@nelbum.com
jon@nelbum.com

David A. Gerasimow (*pro hac vice* forthcoming)
Texas Bar No. 24134024
Colin J. Stalter (*pro hac vice* forthcoming)
Illinois Bar No. 6333401
THE LAW OFFICES OF DAVID A. GERASIMOW, P.C.
701 Commerce St., Suite 611
Dallas, Texas 75202
Tel: (312) 620-4442
dave@gerasimowlaw.com
colin@gerasimowlaw.com

Attorneys for Plaintiff
Signal, LLP

- 29 -